United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11454
Summary Calendar
_____

STEVEN RAY NELSON,

                                        Plaintiff-Appellant,

versus

KEVIN CAULEY; ET AL.,

                                        Defendants,

CAROLYN MYRICK, Nurse; LAKE POINT HOSPITAL,

                                        Defendants-Appellees.
                    --------------------
            Appeal from the United States District Court
                for the Northern District of Texas
                      USDC No. 3:04-CV-828
                    --------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Steven Ray Nelson, Texas prisoner # 1130776, appeals the district court's grant of summary judgment in favor of defendants Carolyn Myrick and Lake Point Hospital in his 42 U.S.C. § 1983 action. Nelson contends that the district court erred in considering affidavits from Myrick and Deputy Randal C. Garlington. The affidavits in question constituted appropriate summary judgment evidence. See FED. R. CIV. P. 56(e).

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nelson contends that the district court erred in granting summary judgment in favor of the defendants on his claim that Myrick catheterized him without his consent to obtain a urine sample. He has not established that Myrick's actions were the result of compulsion from the State that would render her a "state actor" for § 1983 purposes. See Richard v. Hoechst Celanese Chem. Group, Inc., 355 F.3d 345, 352 (5th Cir. 2003).

Nelson also asserts that the district court erred in failing to consider his claim that Myrick violated his constitutional rights by testifying about the results of the urine sample at his criminal trial. Although the court failed to consider this claim, this court may affirm the denial of relief on any ground evident in the record. See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981). Nelson has not shown that Myrick's testimony gives rise to a § 1983 claim. See Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983). His conclusional allegations that Myrick conspired with the district attorney are insufficient to overcome summary judgment. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); Lynch v. Cannatella, 810 F.2d 1362, 1369-70 (5th Cir. 1987).

Nelson has not established that the district court erred in granting summary judgment. See Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). Consequently, the judgment of the district court is AFFIRMED.